OPINION OF THE COURT
Henry G. Gossel, J.
This is a motion made pursuant to CPLR 3211 (a) (7) by the defendants in a medical malpractice action seeking an order dismissing the third cause of action of the complaint wherein plaintiff pleads an action for unnecessary and unwarranted surgery resulting in her being unable to conceive and bear children, on the grounds that, under New York law, it does not state a cause of action, and precluding the plaintiff from offering any evidence upon the trial with respect to the allegations contained in the bills of particulars pertaining to the alleged sterilization of the plaintiff.
The pertinent paragraph of the third cause of action is number 16 and states: "16. That by reason of the unnecessary, unwarranted surgery performed upon the Plaintiff, by the Defendants, Plaintiff will be unable upon information and belief in the future to conceive and bear children all to her damage”.
The items of the bill of particulars in question, as demanded by defendant, Cunanan, are:
"7) Plaintiff was sterilized against her will and consent in that a bi-lateral tubal coagulation was performed on her resulting inter alia, inability to bear children, resulting in severe emotional distress, depression and anxiety. Upon information and belief, all of the above injuries are permanent.
"8) Plaintiff was intermittently confined to bed and home due to emotional distress between April 14th and April 27th of 1985.
"16) The Plaintiff is entitled to be compensated for her inability to bear children and the emotional and psychological impact occasioned thereby, in addition to her emotional pain and suffering by reason of diminishing her opportunity for marriage and a normal family life”.
The item of the bill of particulars in question, as demanded by defendant, Niagara Falls Memorial Medical Center, is: "3) Plaintiff was sterilized against her will and consent in that a bi-lateral tubal coagulation was performed on her resulting inter alia, inability to bear children, resulting in severe emo *248 tional distress, depression and anxiety. Upon information and belief, all of the above injuries are permanent”.
The defendants submit that "sterility” under New York law is too speculative an injury to constitute a compensable item of damages and is, admittedly, one of those injuries for which no relief is possible and therefore all reference thereto must be stricken.
The plaintiff maintains that the alleged malpractice involves a sterilization procedure performed on a woman against her will and consent, and that by the sterilization the plaintiff is deprived of an essential female "bodily function”, to wit, the ability to bear offspring. The plaintiff further submits that the action is not a claim for pecuniary loss of future services or support of an unborn child, nor companionship of some unborn child.
From the portions of the hospital record and deposition of the defendant doctor submitted to the court by the plaintiff, it appears that the plaintiff was scheduled at the defendant hospital for a surgical procedure consisting of "D & C; Laparascopy; Cauterization Cervix” and that the surgeon was "Cunanan”, the defendant doctor. In the process of the surgical procedure a tubal ligation by cauterizing both tubes was performed rendering the plaintiff sterile. Exhibit No. "2” of the plaintiff, a copy of an incident report, under the narrative description states in part: "Sterilization was done by mistake”.
Whatever may be the exact circumstances of the surgical procedure as developed at a plenary trial of the action, it is clear that the alleged resulting "sterilization” will be a critical part thereof, as evidenced by the above-mentioned hospital records and deposition, and for the court to blanket by granting the defendants’ motions, would be effectively hiding, or at least disguising, the underlying allegations of the plaintiff’s action.
Examining the third cause of action it is evident that it is not a separate and distinct cause of action but rather is an allegation of damage resulting from the previously pleaded first cause of action based on professional medical negligence, and the second cause of action based on lack of informed consent. The "unnecessary, unwarranted surgery performed upon the Plaintiff” has already been alleged in the first two causes of action, and the balance is a specific resulting damage. The court therefore dismisses the third cause of action for failure to state a cause of action and as repetitive and redun *249 dant of the previously stated causes. This dismissal is not on the grounds submitted by the defendants, but on the basis of form only in that the allegations do not state a separate cause of action, distinct from actions one and two.
Proceeding to the consideration of the substance of the motions as they relate to the bills of particulars, there is no question but that a claim for loss of offspring per se, whether it be on an economic or familial basis is not allowed, and therefore any recovery for the loss of possible children due to the sterilization is not permitted as being too speculative to be compensable. (Endresz v Friedberg, 24 NY2d 478; Butler v Manhattan Ry. Co., 143 NY 417.) However, this concept must be balanced against the permitted recovery of pain and suffering which was suffered by the plaintiff, whether it is physical and/or mental, including emotional upset, attending the alleged breach of duty by the defendants, namely, the alleged unauthorized bi-lateral tubal coagulation. (Tebbutt v Virostek, 65 NY2d 931; Endresz v Friedberg, supra.)
Under the circumstances presented regarding the usual purpose and effect of the medical procedure involved (namely, sterilization) and the use of that term in the hospital record, it is unreasonable to strike such reference from the bills of particulars provided the term relates to the permitted damages for physical and mental injuries, including emotional upset attending the alleged breach of duty.
Upon a review of the bill tendered to defendant, Cunanan, items 7 and 8 relate to damage in the nature of emotional distress resulting from the sterilization procedure and may stand as pleaded. Item 16 must be redacted in part since the plaintiff is not permitted to be compensated for her inability to bear children in and of itself, nor any diminution of her opportunity for marriage and a normal family life except as they relate to her emotional pain. Therefore, item 16 is ordered changed to read "The Plaintiff is entitled to be compensated for the emotional and psychological impact occasioned by her inability to bear children, in addition to her emotional pain and suffering by reason of diminishing her opportunity for marriage and a normal family life”.
Proceeding to the bill tendered to the defendant, Niagara Falls Memorial Medical Center, item 3 is proper in that it does not relate to compensation for her alleged inability to bear children per se, but rather its alleged result in severe emotional distress, depression and anxiety.
*250 The court therefore dismisses the third cause of action of the complaints served and changes the wording of item 16 of the bill tendered to defendant, Cunanan. The balance of the motion is denied.